ISIDRA DÁVILA RIVERA, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 1087.   Submitted June 20, 1941.—Decided July 10, 1941.

*Luis Tirado Géigel* for appellant.   The registrar appeared by brief.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

By a deed dated March 4, 1941, Emilio de Aldrey Montilla, the holder of a mortgage note payable to bearer, confessed having received on that date the full amount of the note with accrued interest, gave a release to his debtors, fully canceled the obligation and the mortgage securing the same, and consented to such cancellation in the registry.

On presentation of said deed for record, the registrar refused to record the same on the grounds set forth in the following decision:

"The record of the present instrument is denied by reason of the failure on the part of Sylvia Ferrer Besosa, wife of Emilio de Aldrey, to consent to such cancellation, and a cautionary notice for 120 days is entered for all legal purposes."

Feeling aggrieved by the decision denying the record, Isidra Dávila Rivera, the owner of the property mortgaged to secure the note, took the present appeal.

In support of the decision appealed from, the registrar urges:

That the present case deals with the cancellation of a real mortgage right, evidenced by a promissory note, without the wife of the mortgagee having consented thereto; that although it is unquestionable that Section 153 of the Mortgage Law, as amended by Act No. 33 of 1912, favors the unhindered transfer of credits, and this Supreme Court has held in *Nichols* v. *Registrar,* 31 P.R.R. 284, that a mortgagee, although married, may indorse a mortgage note without the necessity of the mortgagor being advised thereof or the transfer being recorded in the registry, and without the consent of the wife, the situation in the case at bar is different, because what is involved here is the extinction or cancellation in the registry of a mortgage real right, whereas in the mere transfer by indorsement or mere delivery of the mortgage note, the mortgage real right continues of record in the registry; that in dealing with the cancellation of mortgages the law makes no distinction, the consent of the mortgagee's wife being required, whether the mortgage note is made payable to the order of a certain person or to bearer.

The contention of the appellant is that the registrar has failed to notice that according to the decision in *Nichols* v. *Registrar, supra,* and pursuant to the provisions of Section 153 of the Mortgage Law, the conveyance of an obligation transferable by indorsement or of a document payable to bearer, the payment of which is secured by mortgage, amounts to the conveyance of the mortgage interest, which is a real right; that if the conveyance of the mortgage, as the result of the indorsement or delivery of the note, is a valid alienation of a mortgage real right, even though the consent to the indorsement by the mortgagee's wife does not appear, it is

logical to infer that there should also be considered as valid the cancellation of a mortgage securing a note payable to order or bearer, granted without the intervention of the wife of the holder of the document, for the cancellation of a mortgage is an alienation, as has been held by the Supreme Court in *Baquero* v. *Registrar,* 22 P.R.R. 22; *Gómez* v. *Registrar,* 26 P.R.R. 223, and *Loubriel* v. *Registrar,* 26 P.R.R. 662; that although Section 91 of the Civil Code prohibits the disposition of real property belonging to the community except with the consent of both spouses, yet section 268 of the same code provides that there shall be considered as movables such obligations and actions as have for their object the recovery of money due or movables by their nature, even though such obligations are accompanied with a mortgage; that if the refusal of the registrar were to be upheld, it would be anomalous to accept as valid in law the transfer of a mortgage by the mere delivery of the instrument secured thereby, without the consent of the wife of the holder of the security, and to reject as invalid the cancellation of the mortgage securing the instrument, where the same is made by a married party without the consent of his wife; that the law never requires futile or useless things, and that it would be idle and useless to require the consent of the wife for the cancellation of a mortgage executed to secure a note transferable by indorsement or by mere delivery, inasmuch as such requisite could be easily obviated by delivering the note to an unmarried person so that the latter should execute the deed of cancellation or by delivering it to the mortgagor personally so that the latter should apply for the cancellation as provided in Article 132 of the Mortgage Law Regulations, as amended by Act No. 33 of March 7, 1912.

The legal question involved in the present appeal is a novel one in this jurisdiction. We are inclined to decide it in favor of the contention of the appellant.

■■ Section 91 of the Civil Code requires the consent of both spouses for the alienation of real property of the

conjugal partnership. Is a promissory note which is payable to a certain person or to bearer, secured by mortgage, and held by a married person, real property, presumptively belonging to the conjugal partnership? The answer to the above question is to be found clearly and definitely set forth in Sections 266 and 268 of the Civil Code (1930 ed.), which in so far as now pertinent read thus:

"Section 266.—Things are movable either by their nature or by disposition of the law.

"Section 268.—Things movable by disposition of the law are such as obligations and actions, the object of which is to recover money due or movables by their nature, although such obligations are accompanied with a mortgage; . . ."

The above-transcribed sections have no counterpart provisions in the Spanish Civil Code and, therefore, we can not resort for their construction to the commentators on said code. The letter of the statute is so clear that its interpretation offers no serious difficulty. An obligation involving the recovery of money, such as a promissory note transferable by indorsement or by mere delivery of the note is by provision of law personal property, even though it may be secured by a mortgage on real property. Since a promissory note secured by mortgage is personal property and, as such, transferable by indorsement or by delivery made by either spouse without the consent of the other, it not being contrary to the provisions of Section 91 of the Civil Code and it being expressly allowed by Section 153 of the Mortgage Law, we fail to find any reason for holding that the cancellation of the subsidiary obligation securing the note can not be made without the consent of both spouses.

It might be argued that the concurrence of both spouses in the cancellation is necessary for the protection of the interests of the wife who failed to intervene in the transfer of the note effected by indorsement or by mere delivery. But then, it may be asked, what protection is afforded by law to

the wife against the indorsement or delivery of the note by the husband to an unmarried person in order that the latter should cancel the mortgage without requiring the consent of the wife of the indorser? How can it be prevented, in order to protect the wife of the holder of the mortgage note, that the latter should receive the amount thereof and deliver the note to the mortgagor to enable the latter in turn to present it at the registry as having reacquired the same by delivery or indorsement, and ask for the cancellation of the mortgage securing it, pursuant to the provisions of Article 132 of the Mortgage Law Regulations, as amended by Act No. 33 of March 7, 1912? In our judgment, the wife's interests will be better protected if the husband is allowed to execute by himself the deed of cancellation, which will be authentic evidence of the receipt by him of the amount of the obligation, than if he is compelled to resort to any of the other indirect means which the laws now in force permit to be used in order to accomplish the same purpose.

For the foregoing reasons the decision appealed from must be reversed and the record applied for ordered.